# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **VALERIE BRADLEY,** : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civ. Act. No. 08-160-GMS |
| : | |
| **PATRICK RYAN,** Warden, and : | |
| **JOSEPH R. BIDEN, III,** Attorney : | |
| General of the State of Delaware, : | |
| : | |
| Respondents. : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On November 25, 2005, the petitioner, Valerie Bradley, was arrested with over sixty grams of cocaine stuffed down the front of her pants. *See* Superior Court Criminal Docket, ID 0511020504, Docket Item ("Crim. D.I.") 27, *Commissioner's Report and Recommendation* at 5-6. A subsequent search of her residence uncovered an additional forty-seven grams of cocaine. In March 2006, Bradley pled guilty in Delaware Superior Court to trafficking in cocaine (over 100 grams). *See* Crim. D.I. 11. Superior Court immediately sentenced Bradley to twenty-five years of incarceration, suspended after seventeen years (the first eight years being mandatory) for two years at decreasing levels of supervision.[1] *See* Crim. D.I. 11. Bradley did not appeal from

---

[1] In the course of reviewing the record in this case, respondents detected two errors in Bradley's sentencing order (that Bradley was convicted of trafficking in 50-100 grams of cocaine and a reference to an incorrect subparagraph of the trafficking statute). An error on the criminal docket referencing Bradley's conviction for trafficking in 50-100 grams of cocaine is also incorrect. Bradley's plea agreement, Truth-in-Sentencing Guilty Plea Form, and the transcript of the plea colloquy and sentencing all demonstrate that Bradley pled guilty to trafficking in cocaine over

her conviction or sentence. Instead, in April 2006, Bradley moved *pro se* for modification of sentence. Crim. D.I. 12. In May 2006, Bradley moved for postconviction relief under Criminal Rule 61. Crim. D.I. 13. Superior Court denied Bradley's motion for modification of sentence on May 18, 2006. Crim. D.I. 14. After considering Bradley's postconviction motion, defense counsel's affidavit, the State's response, and Bradley's response, a Superior Court commissioner recommended that Bradley's postconviction motion be denied. Crim. D.I. 27. Bradley appealed from the commissioner's recommendation. Crim. D.I. 28. Nevertheless, on March 26, 2007, Superior Court, adopting the commissioner's report, denied Bradley's postconviction motion. Crim. D.I. 32. Bradley did not appeal Superior Court's denial of her postconviction motion. Bradley, in July 2007 and February 2008, moved again for a reduction of sentence; the two motions were denied in September and February respectively. Crim. D.I. 34, 36, 39, & 40. In December 2007, Bradley filed a successive Rule 61 postconviction motion. Crim. D.I. 41. To date, Superior Court has not decided Bradley's second application for postconviction relief, although a Superior Court commissioner has recommended that the claims in Bradley's successive postconviction application be denied pursuant to Criminal Rule 61(i)(2) for failure to have raised the claims in her first postconviction motion. *See* Crim. D.I. 47. Bradley has not appealed from any of the denials of her various postconviction motions. Bradley's federal habeas petition is undated, but the petition was apparently received by the Clerk of the Court on March 20, 2008. D.I. 1.

Discussion

In her petition for federal habeas relief, Bradley raises fourteen grounds for relief which can be fairly summarized as: (1) the search that uncovered the crack cocaine was done in

---

100 grams. Pursuant to Superior Court Criminal Rule 36, prosecutors have moved to correct the clerical errors.

violation of the Fourth Amendment; (2) ineffective assistance of counsel for coercing Bradley to accept the plea offer; (3) Bradley's guilty plea was involuntary and unknowing; (4) the prosecution failed to disclose that Bradley's co-defendant had confessed to possessing the crack cocaine; and (5) Bradley's sentence was excessive. D.I. 1. Bradley's claims, however, are unavailing.

A state petitioner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). In order to demonstrate that a claim has been exhausted in state court, a petitioner "must show that he presented each claim to the Delaware Supreme Court." *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993). *See also Picard*, 404 U.S. at 275; *Stevens v. Delaware Corr'l Center*, 295 F.3d 361, 369 (3d Cir. 2002); *Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993). Bradley did not appeal from her conviction and sentence, from the denial of her Rule 61 postconviction motion, or from the denials of her various motions for reduction of sentence. Thus, Bradley's claims, having never been presented to the Delaware Supreme Court, are unexhausted. *See Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986).

Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition, *Rose v. Lundy*, 455 U.S. 509 (1982), or a stay of the federal habeas proceedings to allow the prisoner to exhaust state court remedies (*Rhines v. Weber*, 544 U.S. 269 (2005)). If, however, there is no available state remedy, then Bradley is excused from the exhaustion requirement with respect to those claims. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52. If Bradley now tried to appeal from either her conviction or the denials of her postconviction

3

motions, those appeals would be untimely. *See* DEL. SUPR. CT. R. 6(a)(ii), (iii). Failure to file a notice of appeal within the thirty-day time limit deprives the Delaware Supreme Court of jurisdiction to hear the appeal. *See Carr v. State*, 554 A.2d 778, 779 (Del. 1989). Bradley was sentenced on March 20, 2006, and the Superior Court denied her first Rule 61 postconviction motion on March 26, 2007. Bradley's most recent motion for reduction of sentence was denied by Superior Court on February 21, 2008. The state supreme court, therefore, would dismiss any appeal from any of those Superior Court orders filed at this date for lack of jurisdiction. In addition, if Bradley now tried to raise any of her claims from her earlier motions again in another postconviction motion, the claims would be barred under Superior Court Criminal Rule 61(i)(4) as previously adjudicated. *See, e.g., McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 512 (D. Del. 2003). Reconsideration would not be warranted in the interest of justice because nothing in the record indicates subsequent legal developments affected the trial court's authority to convict or sentence Bradley. *Id.* In addition, Bradley's claims would also be barred under Criminal Rule 61(i)(3) for failure to have raised the claims on direct appeal of her conviction. *See id.* at 512-13. Bradley has not alleged cause for her failure to appeal from her conviction or the denial of her first Rule 61 postconviction motion. Moreover, the new claims presented in Bradley's second Rule 61 postconviction motion are procedurally barred under Rule 61(i)(2) for failure to have raised the claims in her first postconviction motion. *See id.* at 517. Consequently, Bradley cannot overcome the procedural bar.

Thus, because there is no available state remedy, Bradley is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52; *Lines v. Larkin*, 208 F.3d 153, 160 (3d Cir. 2000); *Clark v. Pennsylvania*, 892 F.2d 1142, 1146-47 (3d Cir. 1989); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 454 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783,

804 (D. Del. 1997). Although deemed exhausted, such claims are still considered to be procedurally defaulted. *Lines*, 208 F.3d at 160. Thus, because Bradley procedurally defaulted her claims in the state courts, federal habeas review is barred unless she establishes cause for her procedural default in the state courts and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review her claims. *See Coleman*, 501 U.S. at 750-51; *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *McLaughlin*, 270 F. Supp. 2d at 513. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded her compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). To establish prejudice in this context, Bradley "must show 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to h[er] *actual* and substantial disadvantage, infecting h[er] entire trial with error of constitutional dimensions.'" *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 179 (1982)); *Dawson*, 988 F. Supp. at 804-05.

Bradley has alleged ignorance of the law as cause for her procedural default in the state courts. *See generally* D.I. 1. Bradley's lack of legal knowledge, however, fails to constitute cause. *See White v. Carroll*, 416 F. Supp. 2d 270, 282 (D. Del. 2006). "Generally, 'cause' cannot be based on the mere inadvertence of the petitioner or the petitioner's counsel to take an appeal." *Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002). In the absence of cause, this Court is not required to address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *White*, 416 F. Supp. 2d at 282. Moreover, the miscarriage of justice exception does not apply because Bradley has not presented any new evidence to establish her actual innocence. *See Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004) (holding that, in order to establish

actual innocence sufficient to demonstrate a miscarriage of justice, a petitioner must assert "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--- that was not presented at trial.").

In any case, Bradley cannot demonstrate prejudice. Bradley was arrested with more than fifty grams of cocaine stuffed in the front of her pants. Crim. D.I. 27, Report at 5-6. As noted by the commissioner:

> Following a complete review of the record in this matter, it is abundantly clear that Bradley has failed to allege any facts sufficient to substantiate her claim that her attorney was ineffective. I find counsel's affidavit, in conjunction with the record, more credible than Bradley's vague contention that her counsel's representation was ineffective. Bradley was facing trial on serious charges and risked being sentenced to a life in prison. Bradley's counsel was able to negotiate a plea bargain with the State which resulted in only seventeen years of incarceration. Bradley and her attorney discussed the case prior to the entry of the plea. The case against Bradley was strong indeed; she was arrested with over 50 grams of cocaine stuffed down the front of her pants. [citation omitted] The plea bargain was clearly advantageous to Bradley. Counsel's representation was certainly well within the range required by Strickland. Additionally, when Bradley entered her guilty plea, she stated she was satisfied with defense counsel's performance.

Crim. D.I. 27, Report at 5-6. Bradley informed the trial court that she was actually guilty of the crime to which she pled guilty. *Id.* at 7. Bradley was eligible to be sentenced as an habitual offender to life in prison. *See* 11 *Del. C.* § 4214(a). Instead, as a result of her decision to plead guilty, Bradley was sentenced to only seventeen years in prison followed by probation. Although her co-defendant, Kenneth Cotton, may have told police the cocaine belonged to him, drugs were found on Bradley's person. Contrary to her assertion that she was "merely present," Bradley acknowledged to her counsel that she had the drugs on her person when she was arrested. *See* Crim. D.I. 20, Affidavit at ¶¶1-2. In addition, any independent Fourth Amendment claim is not cognizable in federal habeas by virtue of *Stone v. Powell*, 428 U.S. 465 (1976). As to her ineffective assistance of counsel claim, Bradley's counsel correctly informed her that she

could be sentenced to life in prison as an habitual offender and, given that she was clearly possessed the drugs, she was unlikely to be acquitted at trial. Counsel's affidavit makes clear that Bradley was a participant in the drug transactions, not simply an innocent bystander. *See* Crim. D.I. 20, Affidavit at ¶2. Moreover, that Cotton stated the drugs belonged to him does not absolve Bradley in this case. The facts as known to Bradley's counsel were that police had a confidential informant riding in the car with Bradley and Cotton. Bradley was found with the cocaine after getting out of the car. Those facts would suggest that Bradley voluntarily possessed the cocaine, regardless of the ownership issue.

Finally, Bradley acknowledged that she understood the plea agreement and she understood that she could be sentenced to twenty-five years in prison. *See* Crim. D.I. 27, Report at 7. Bradley asserts that she was unaware that she would be sentenced to eight years of mandatory incarceration. The record, however, belies this claim. Both the plea agreement and the Truth-in-Sentencing Guilty Plea Form clearly indicate that Bradley was subject to a minimum mandatory sentence of eight years. *See* Crim. D.I. 11. Although Bradley asserts that her sentence was excessive, that contention offers no basis for relief. *See Jones v. Superindent, Rahway State Prison*, 725 F.2d 40, 42-43 (3d Cir. 1984). Further, Bradley complains that she was not permitted to appeal from her conviction, but that claim is simply an incorrect statement of the law. *See In re Goodlett*, 2005 WL 2333923, order at ¶7 & n.9 (Del.). Thus, because Bradley has failed to demonstrate either cause for or prejudice from her procedural defaults in state court, her petition should be dismissed.

## Conclusion

Based upon the Superior Court docket sheet, it appears that the transcript of Bradley's plea colloquy and sentencing (March 20, 2006) has been prepared. In the event that the Court

7

directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court. The affidavit of petitioner's trial counsel in response to allegations of ineffective assistance of counsel raised in Bradley's first postconviction motion was docketed on June 5, 2006 (Crim. D.I. 20).

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Del. Bar. ID No. 3759
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
elizabeth.mcfarlan@state.de.us

Date: July 8, 2008



884 A.2d 511
884 A.2d 511, 2005 WL 2333923 (Del.Supr.)
**(Cite as: 884 A.2d 511, 2005 WL 2333923 (Del.Supr.))**

Page 1

In re Goodlett
Del.Supr.,2005.
(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
In the Matter of the Petition of George R. GOODLETT, Jr., for A Writ of Prohibition.
**No. 3182005.**
**Def. ID Nos. 0408002660, 0408009977, 0409003817.**

Submitted Aug. 8, 2005.
Decided Sept. 21, 2005.

**Background:** Defendant petitioned for writ of prohibition, seeking to challenge trial court's denial of his request to withdraw his guilty plea to burglary, assault, criminal mischief, and non-compliance with conditions of bond.

**Holding:** The Supreme Court held that defendant was not entitled to writ of prohibition absent showing that trial court was without jurisdiction or exceeded its jurisdiction when it accepted guilty plea.
Petition dismissed.

West Headnotes

**Prohibition 314 ⇐3(4)**

314 Prohibition
   314I Nature and Grounds
      314k3 Existence and Adequacy of Other Remedies
         314k3(4) k. Remedy by Appeal in Criminal Cases. Most Cited Cases

**Prohibition 314 ⇐10(3)**

314 Prohibition
   314I Nature and Grounds
      314k8 Grounds for Relief
         314k10 Want or Excess of Jurisdiction
            314k10(3) k. Criminal Prosecutions. Most Cited Cases
Defendant was not entitled to writ of prohibition as means to challenging trial court's denial of his request to withdraw guiltyplea to burglary, assault, criminal mischief, and non-compliance with conditions of bond, absent showing that trial court was without jurisdiction or exceeded its jurisdiction when it accepted guiltyplea; defendant had right to file direct appeal challenging validity of guiltyplea.

Before HOLLAND, BERGER and JACOBS, Justices.

*ORDER*

**\*1** This 21st day of September 2005, upon consideration of the petition for a writ of prohibition filed by George R. Goodlett, Jr., and the answer and motion to dismiss filed by the State of Delaware, it appears to the Court that:

(1) On January 12, 2005, Goodlett pleaded guilty in the Superior Court to one count each of Burglary in the Third Degree, Assault in the Third Degree, Criminal Mischief and Non-Compliance with Conditions of Bond. The Superior Court ordered a presentence investigation.[FN1]

    FN1.*State v. Goodlett,* Del.Super., Cr. ID Nos. 0409003817, 0408009977, 0408002660, Stokes, J. (Jan. 12, 2005).

(2) In March 2005, Goodlett filed a pro se motion to withdraw his guilty plea. The Superior Court referred the motion to Goodlett's defense counsel and informed counsel and Goodlett that the Court would hear the motion at sentencing in June 2005. On June 30, 2005, the Superior Court reserved decision on the motion to withdraw the guiltyplea and continued the sentencing.

(3) The Superior Court denied Goodlett's motion to withdraw the guiltyplea on August 16,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

884 A.2d 511  
884 A.2d 511, 2005 WL 2333923 (Del.Supr.)  
**(Cite as: 884 A.2d 511, 2005 WL 2333923 (Del.Supr.))**

Page 2

According to the Kent County Prothonotary, Goodlett is scheduled to be sentenced on September 29, 2005.

> FN2.*See State v. Goodlett,* Del.Super., ID Nos. 0409003817, 0408009977, 0408002660, Young, J. (Aug. 16, 2005) (order denying defendant's motion for a preliminary injunction, motion to withdraw plea, motion to amend motion to withdraw, motion to disqualify counsel and motion to appoint counsel).

(4) In his petition for a writ of prohibition, Goodlett contends that the Superior Court lost jurisdiction to consider his case as a result of alleged defects in the January 12, 2005 plea colloquy and the June 30, 2005 proceeding on the motion to withdraw his guilty plea. Goodlett contends that he is entitled to the issuance of a writ of prohibition because he lacks a full understanding of the law and has a conflict with his defense counsel.

(5) A writ of prohibition is the legal equivalent of the equitable remedy of injunction and may be issued to prevent a trial court from (a) proceeding in a matter where it has no jurisdiction, or (b) exceeding its jurisdiction in a matter that is properly before it.[FN3] The jurisdictional defect must be manifest upon the record, and the burden is on the petitioner to demonstrate by clear and convincing evidence that the trial court is without jurisdiction or is attempting to exceed its jurisdiction.[FN4]

> FN3.*See In re Drake,* 1995 WL 788623 (Del.Supr.) (citing *In re Hovey,* 545 A.2d 626, 628 (Del.1988)).

> FN4.*In re Hovey,* 545 A.2d 626, 628, 629 (Del.1988).

(6) The writ of prohibition is used to grant relief when the traditional appeal route is unavailable or will not provide an adequate remedy at law.[FN5] "The right to appeal a criminal conviction is generally considered a complete and adequate remedy to review all of the questions presented in a criminal proceeding."[FN6] Conversely, the writ of prohibition is not available for use as a substitute for the ordinary appellate process.[FN7]

> FN5.*Id.* at 628.

> FN6.*Id.* (emphasis omitted).

> FN7.*Matushefske v. Herlihy,* 214 A.2d 883, 885 (Del.1965).

(7) In the petition for a writ of prohibition in this case, Goodlett has not demonstrated that the Superior Court was without jurisdiction or exceeded its jurisdiction when it accepted his guiltyplea on January 12, 2005 and considered his motion to withdraw the guiltyplea at the proceeding on June 30, 2005. Also, Goodlett offers no basis for the Court to conclude that the appellate remedy is insufficient in his case. Once Goodlett is sentenced, and in the event the sentence satisfies the jurisdictional requirements of the Delaware Constitution,[FN8] he will have the right to file a direct appeal challenging the validity of his guiltyplea and the Superior Court's denial of his motion to withdraw the plea.[FN9]

> FN8.*See* Del. Const. art. IV, § 11(1)(b) (providing that Supreme Court's criminal appellate jurisdiction is limited to cases "in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars").

> FN9.*See, e.g., Tolliver v. State,* 1997 WL 683297 (Del.Supr.) (affirming Superior Court judgment in direct appeal from denial of motion to withdraw guiltyplea); *cf. McNeill v. State,* 2001 WL 1756943 (Del.Supr.) (dismissing as criminal interlocutory appeal from Superior Court's presentencing denial of defendant's motion to withdraw guiltyplea).

*2 NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. The peti-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

884 A.2d 511  
884 A.2d 511, 2005 WL 2333923 (Del.Supr.)  
**(Cite as: 884 A.2d 511, 2005 WL 2333923 (Del.Supr.))**

Page 3

tion for a writ of prohibition is DISMISSED.

Del.Supr.,2005.  
In re Goodlett  
884 A.2d 511, 2005 WL 2333923 (Del.Supr.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2008, I electronically filed an answer to the petitioner's habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on July 8, 2008, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

    Valerie Bradley
    SBI No. 186258
    Baylor Women's Correctional Institution
    660 Baylor Blvd
    New Castle, DE 19720

                        /s/Elizabeth R. McFarlan
                        Deputy Attorney General
                        Department of Justice
                        820 N. French Street
                        Wilmington, DE 19801
                        (302) 577-8500
                        Del. Bar. ID No. 3759
                        elizabeth.mcfarlan@state.de.us