IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VALERIE BRADLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-160-GMS |
| | ) | |
| PATRICK RYAN, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

Valerie Bradley. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

MEMORANDUM OPINION

March 16, 2011
Wilmington, Delaware


Sleet, Chief Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Valerie Bradley ("Bradley"). (D.I. 1) For the reasons discussed, the court will deny the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 25, 2005, Bradley was arrested with over sixty (60) grams of cocaine stuffed down the front of her pants. A subsequent search of her residence uncovered an additional forty-seven (47) grams of cocaine. (D.I. 10) In March 2006, Bradley pled guilty in the Delaware Superior Court to one count of trafficking in cocaine over 100 grams. *See State v. Bradley*, IK-12-0084-R1, Order (Del. Super. Ct. Mar. 26, 2007). In exchange for her plea, and in light of the fact that she was eligible to be sentenced to mandatory life in prison as an habitual offender, the State entered a *nolle prosequi* on the additional charges Bradley was facing: one count of possession with intent to deliver cocaine; one count of maintaining a vehicle; one count of second degree conspiracy; two counts of possession of drug paraphernalia; one count of maintaining a dwelling; and one count of distribution within 300 feet of a public park. The Superior Court sentenced Bradley to twenty-five (25) years of incarceration, suspended after seventeen (17) years for two (2) years of decreasing levels of supervision. The first eight (8) years of incarceration are mandatory. *Id.*

Bradley did not appeal her conviction or sentence. *Id.* Instead, she filed a *pro se* motion for reduction of sentence in April 2006, which the Superior Court denied on May 18, 2006. (D.I. 12) In May 2006, Bradley filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *Id.* The Rule 61 motion was referred to a

1

Superior Court Commissioner, who filed a Report and Recommendation recommending that the Rule 61 motion be denied. *State v. Bradley*, IK05-12-0084-R1, Commr's. Rep. & Rec. (Del. Super. Ct. Jan. 5, 2007). After considering Bradley's objections, the Superior Court adopted the Commissioner's Report and Recommendation and denied the Rule 61 motion. *State v. Bradley*, IK05-12-0084-R1, Order (Del. Super. Ct. Mar. 26, 2007). Bradley did not appeal that decision.

Rather, in July 2007 and February 2008, Bradley filed two new motions for a reduction of sentence. (D.I. 12) The Superior Court denied the motions in September 2007 and February 2008, respectively. *Id.* In December 2007, Bradley filed a second Rule 61 motion. (D.I. 12, Del. Super. Ct. Dkt. Entry No. 41) A Superior Court Commissioner's Report and Recommendation recommended that the Rule 61 motion denied under Rule 61(i)(2) due to Bradley's failure to raise the claims asserted therein in her first Rule 61 motion. (D.I. 12, Del. Super. Ct. Dkt. Entry No. 47) The record does not indicate any further disposition of that Rule 61 motion.

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to

ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see Woodford*, 538 U.S. at 206.

### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "Fair presentation of a claim means that the petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice

3

that a federal claim is being asserted." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004)(internal citations omitted).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001); *see Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Nevertheless, such unexhausted claims are procedurally defaulted. *Lines*, 208 F.3d at 160. Similarly, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but procedurally defaulted. *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Werts*, 228 F.3d at 192.

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger*, 266 F.3d at 224. A petitioner

4

demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States*, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney*, 294 F.3d 506, 522-24 (3d Cir. 2002).

## III. DISCUSSION

Bradley's petition asserts fourteen grounds for relief, several of which are repetitive. Consequently, the court has consolidated her arguments and construes the petition as asserting the following five claims: (1) the search that uncovered the crack cocaine was performed in violation of the Fourth Amendment; (2) defense counsel provided ineffective assistance by coercing Bradley to accept the plea offer; (3) Bradley's plea was involuntary and unknowing; (4) the prosecution failed to disclose that Bradley's co-defendant had confessed to possessing the crack cocaine; (5) Bradley's bail was excessive; (6) Bradley's right to be protected from double jeopardy was violated because the search of her person was separate and distinct from the search of her residence; and (7) Bradley's sentence was excessive.

The record reveals that Bradley did not appeal her conviction and sentence, her Rule 61 motion(s), or her various motions for reduction of sentence. Having never presented any of her claims to the Delaware Supreme Court, Bradley has failed to exhaust state remedies. At this juncture, any attempt on Bradley's part to exhaust state remedies by pursuing further review in the Delaware state courts would be barred. For instance, the time to file a direct appeal has expired, as has the time to appeal the denial of her Rule 61 motion(s) and motions for reduction of sentence. *See* Del. Supr. Ct. R. 6(a)(ii)(iii)(setting a 30-day filing period for direct appeals and

5

post-conviction appeals). At this juncture, any attempt by Bradley to assert the instant federal habeas claims in a new Rule 61 motion would be barred by Rule 61(i)(2) as repetitive, by Rule 61(i)(3) as procedurally defaulted, and by Rule 61(i)(4) as previously adjudicated. *See, e.g., McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 512-13, 517 (D. Del. 2003). As a result, the court must treat the claim as exhausted but procedurally defaulted, thereby precluding habeas review absent a showing of cause and prejudice.

Bradley attempts to establish cause for her default by alleging that she was unaware of her appellate rights. Her ignorance or lack of legal knowledge, however, does not constitute cause in the procedural default context. *See White v. Carroll*, 415 F. Supp. 2d 270, 282 (D. Del. 2006); *see also Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002)("cause cannot be based on the mere inadvertence of the petitioner or the petitioner's counsel to take an appeal.") In the absence of cause, the court will not address the issue of prejudice. Additionally, the miscarriage of justice exception to the procedural default doctrine cannot be applied to excuse Bradley's default, because she has failed to provide any new reliable evidence of her actual innocence. Accordingly, the court will dismiss all of Bradley's claims as procedurally barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court concludes that Bradley's petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Bradley's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VALERIE BRADLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-160-GMS |
| | ) | |
| PATRICK RYAN, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Petitioner Valerie Bradley's petition for the writ of habeas corpus filed pursuant to 28 U.S.C § 2254 is **DISMISSED**, and the relief requested therein is **DENIED**. (D.I. 1)

2. The court declines to issue a certificate of appealability due to Hawkins' failure to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: March 16, 2011

CHIEF, UNITED STATES DISTRICT JUDGE